UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   2:19CV100-PPS/SLC ) |
| VAN PROOYEN BUILDERS, INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case was recently transferred to me. It is a copyright infringement case in which the Plaintiff, Design Basics, LLC, alleges that Van Prooyen Builders, Inc., has copied Design Basic's copyright-protected home designs. The complaint has 9 counts. The first four counts allege Non-Willful Copyright Infringement. [DE 1 at ¶¶78-101.] Counts 5 through 8 allege alternative claims of Willful Copyright Infringement. [*Id.* at ¶¶102-125.] Count 9 alleges Van Prooyen's violation of the Digital Millennium Copyright Act (DMCA). [*Id.* at ¶¶126-132.] Presently, I only need to concern myself with Count 9. That is the only count being attacked by Van Prooyen's motion for judgment on the pleadings, which, oddly, has been pending for nearly two years. [DE 22.]

A motion for judgment on the pleadings is brought under Fed.R.Civ.P. 12(c), but is determined under the same standard as a motion to dismiss under Rule 12(b)(6), that is, "whether the well-pleaded factual allegations viewed in favor of the nonmoving party state a facially plausible claim for relief." *Peterson v. Wexford Health Sources, Inc.*,

986 F.3d 746, 751 (7th Cir. 2021) (internal citations omitted). The Seventh Circuit has explained that "[t]he only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mutual Ins. Co. v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

The DMCA, 17 U.S.C. §1202, offers protection for "copyright management information" (CMI), which is defined as information "conveyed in connection with" copies or displays of a work, such as the work's title, author, copyright owner and copyright notice. *See* §1202(c). Section 1202(b) provides that:

> No person shall, without the authority of the copyright owner or the law–
>
>    (1) intentionally remove or alter any copyright management information,
>
>    (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
>    (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or…, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

Design Basic's DMCA claim alleges that Van Prooyen created floor plans and elevations intentionally removing Design Basics' CMI from Design Basics' works or had the CMI removed from copies of Design Basics' works. [DE 1 at ¶128.] In addition, Count 9 alleges that Van Prooyen then distributed copies or derivatives, knowing that the CMI

2

had been removed without authorization. [*Id.* at ¶129.] Design Basics alleges that all this was done with Van Prooyen having reasonable grounds to know that doing so would induce, enable, facilitate or conceal infringement of Design Basics' copyrighted works. [*Id*. at ¶130.]

The motion contends that Design Basics' pleading is defective because it doesn't allege that Van Prooyen removed CMI from an original work of Design Basics, but only that Van Prooyen used building plans that it created and that were virtually identical to Design Basics' copyrighted work. [DE 22 at 1-2.] According to Van Prooyen, "[t]his does not sufficiently plead a DMCA claim because the DMCA requires Design Basics to allege that Van Prooyen *actually removed* CMI from an *original* work of Design Basics." [*Id*. at 2 (emphasis in original).] For this argument, Van Prooyen relies on a decision by Judge Sara Ellis of the Northern District of Illinois against Design Basics in the case of *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535 (N.D.Ill Feb. 11, 2019).

In *WK Olson*, Judge Ellis granted a motion to dismiss the DMCA claim because Design Basics did "not allege WK Olson removed copyright management information from their original works but rather only that they copied elements of those works into virtually identical floor plans." *Id*. at *1. The *WK Olson* opinion cites a Florida district court which held that "[a]n action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work." *Faulkner Press, L.L.C. v. Class Notes, L.L.C.,* 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010). A

3

similar interpretation of the DMCA by the District of Hawaii was also cited, that court holding that "basing a drawing on another's work is not the same as removing copyright management information." *Frost-Tsuji Architects v Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2014 WL 5798282, at *5 (D.Haw. Nov. 7, 2014). These three courts, Van Prooyen suggests, have agreed that a defendant's creation of plans that are virtually identical to copyrighted ones, without including CMI, does not constitute removal or alteration of CMI within the meaning of §1202(b).

In opposition to the motion, Design Basics argues with the soundness of this interpretation of the DMCA, and disputes any suggestion that "only 'direct reproduction' of a copyrighted work can support a DMCA §1202(b) claim." [DE 23 at 11.] In reply, Van Prooyen persists in contending that "a DMCA claim requires removal of [CMI] from an *original* work." [DE 24 at 1 (emphasis in original).] Besides repeating the phrase "*original* work" over and over, Van Prooyen does not attempt an explanation of what that would mean in the context of the building plans at issue here, when, according to the complaint, Design Basics' home designs have been broadly published and distributed and are "readily available on the internet." [DE 1 at ¶36.] But the motion under Rule 12 does not require me to referee the parties' legal dispute about interpretation of the DMCA. Instead, I can determine that the allegations of the complaint adequately state a plausible claim, and leave for another day the question whether Design Basics wins on whatever facts are ultimately determined.

4

Ruling on a motion under Rule 12(b)(6), and so consequently on a motion under Rule 12(c), I must accept the truth of the pleading's well-pleaded allegations, and draw all inferences in the light most favorable to the plaintiff.  *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007).  The Seventh Circuit has described the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) as establishing "two easy-to-clear hurdles" for the sufficiency of a complaint, namely (1) that it describe the claim in sufficient detail to give the defendant fair notice of the claim and the basis for it, and (2) that the allegations plausibly suggest that the plaintiff has a right to relief.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), quoting *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

So what does the complaint allege that would support relief under the DMCA?  In support of its motion, Van Prooyen focuses on two allegations that would bolster application of the *WK Olson* analysis.  The first is the reference to Van Prooyen's advertising and other use of "plans that are virtually identical to the Copyrighted Works."  [DE 1 at ¶70, cited at DE 22 at 3.]  In the second, Van Prooyen highlights the allegation about it "creating" floor plans and elevations in violation of the DMCA.  [DE 1 at ¶128, cited at DE 22 at 3.]  Van Prooyen argues these allegations are insufficient because "basing a drawing on another's work is not the same as removing copyright management information."  [DE 22 at 3, quoting *WK Olson*, 2019 WL 527535, at *5, and *Frost-Tsuji Architects*, 2014 WL 5798282, at *5.]

5

But even if that legal principle is correct, Design Basics' complaint contains other allegations that plausibly support DMCA claims under §1202(b)(1) and (3). Remember that CMI is defined as certain types of information "conveyed in connection with *copies*...of a work...or *displays* of a work, including in digital form." §1202(c). The additional pertinent facts alleged in Design Basics' complaint include that Van Prooyen's website contained "floor plans that appeared to have been copied from two of Design Basics' copyright-protected home designs." [DE 1 at ¶56.] Van Prooyen is alleged to have violated Design Basics' copyrights by copying and distributing "plans, drawings and houses which were copied or otherwise derived from the Copyrighted Works." [*Id*. at ¶69.] Design Basics claims that Van Prooyen's "infringing home plans are so similar to the Copyrighted Works as to make it highly probable that Defendant's plans are copies of the Copyrighted Works, which precludes any realistic possibility that Defendant's plans were independently created." [*Id*. at ¶72.] And most direct of all, the complaint further alleges that "Defendant copied the Copyrighted Works without permission or license from Design Basics," and "also removed Design Basics' copyright management information from the Copyrighted Works, including but not limited to (1) Design Basics' '© design basics inc.' that is affixed to Design Basics' architectural designs, and (2) the copyright notices affixed to the technical drawings found in Exhibits 1 and 2." [*Id*. at ¶76.]

These allegations, overlooked by Van Prooyen in its motion, adequately state claims for the removal of CMI under §1202(b)(1) and the distribution of copies of works

6

with the CMI removed under §1202(b)(3).  In other words, accepting the truth of Design Basics' allegations and drawing all inferences in the light most favorable to it, the complaint states facially plausible claims for relief under the DMCA.

**ACCORDINGLY:**

Defendant Van Prooyen Builders, Inc.'s Motion for Judgment on the Pleadings as to Count 9 [DE 22] is DENIED.

**SO ORDERED**.

ENTERED: March 5, 2021.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT