UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) 2:19CV100-PPS |
| | ) |
| VAN PROOYEN BUILDERS, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This litigation has been pending almost 28 months. Plaintiff Design Basics has filed a motion for leave to voluntarily dismiss the case without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. [DE 73.] That rule governs when the voluntary dismissal of a lawsuit requires a court order, and provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper....Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41(a)(2). Defendant Van Prooyen Builders opposes the motion, arguing that the dismissal should be with prejudice. [DE 75.] Design Basics has not filed a reply.

The motion to dismiss represents a throwing in of the litigation towel. Design Basics has suffered two significant losses in the Seventh Circuit on similar copyright cases against other home builders. Design Basics claims that after the first, *Design Basics, LLC v. Lexington Homes*, 858 F.3d 1093 (7th Cir. 2017), it "determined, in good faith, that the decision in *Lexington Homes* did not bar the claims in this case." [DE 73 at

2.] But after the more recent blow, in *Design Basics LLC v. Signature Construction*, *Inc.*, 994 F.3d 879 (7th Cir. 2021), Design Basics has "concluded that, regardless of what evidence Plaintiffs have regarding *actual* copying, it is highly unlikely that it will convince this Court that the copied plans are 'virtually identical' to Plaintiffs' plans" as required by *Signature Construction*. [DE 73 at 4 (emphasis in original).] As a result, Design Basics has "decided that it is not appropriate to continue to press its claims in this case in light of binding Seventh Circuit precedent." [*Id*.] Van Prooyen Builders, feeling that it has suffered enough from an unjustified claim of copyright infringement and several years of contentious discovery, has responded to Design Basics' motion to dismiss with an argument for dismissal *with* prejudice instead. [DE 75.]

Whether or not to dismiss a complaint without prejudice under Fed.R.Civ.P. 41(a)(2) "is within the sound discretion of the district court and may be reversed only if the appellant can establish that the court abused that discretion." *Kovalic v. DEC Intern.*, *Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The court's discretion is abused where the defendant suffers "plain legal prejudice" from a dismissal without prejudice. *Id*., quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). Several factors have been identified "that a district court may wish to consider in making its determination as to whether a defendant has suffered legal prejudice." *Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991). These include the defendant's effort and expense in defending the case, excessive delay and lack of diligence by the plaintiff, an

insufficient rationale for seeking voluntary dismissal and whether the defendant has filed a motion for summary judgment. *Id*.

Van Prooyen makes a compelling case for dismissal with prejudice. The litigation has pended for more than two years and disputatious discovery has required considerable time and resources. Van Prooyen filed a motion for judgment on the pleadings as to one count of the complaint, and represents that it drafted a motion for summary judgment that it did not file only because Design Basics first filed its motion to voluntarily dismiss. [DE 75 at 4.] Because the record shows that Van Prooyen has expended substantial time and effort preparing for trial and drafting dispositive motions, it would be inequitable to allow Design Basics to take a voluntary nonsuit retaining the ability to start the litigation over. *Redwall Live Corp. v. ESG Security, Inc.*, No. 1:13-cv-01849-SEB-DML, 2015 WL 791450 at *3 (S.D.Ind. Feb. 24, 2015).

Van Prooyen also complains of discovery delay attributable to Design Basics, citing as an example the parties' lengthy dispute over the existence and production of Design Basics' "lawsuit spreadsheets." [DE 75 at 5; DE 49.] Such delay supports a finding of prejudice to Van Prooyen, as does Design Basics' explanation for seeking dismissal. Design Basics has in essence conceded that it cannot win under the applicable precedent of the Seventh Circuit. In such circumstances, Van Prooyen is entitled at this juncture to finality and peace from this extended lawsuit.

Similarly, in *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir. 2008), the copyright owner plaintiff moved to dismiss without prejudice after more than a year of

litigation, acknowledging that it lacked sufficient evidence to prove its claim. The court dismissed the case with prejudice instead. *Id*. That decision was not appealed. Instead, the Seventh Circuit was asked to review the district judge's denial of the defendant's application for attorney's fees under the Copyright Act. That decision was reversed, the Seventh Circuit concluding that the defendant had "obtained a favorable judgment," and the fact that "this came about when Riviera threw in the towel does not make Midwest less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor." *Id*. at 928.

All four factors repeatedly identified by the Seventh Circuit weigh in favor of a determination that Van Prooyen will suffer legal prejudice if Design Basics is granted a voluntary dismissal without prejudice. *Ratkovich*, 951 F.2d at 158. "[I]t is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). Design Basics has filed no reply to Van Prooyen's memorandum, and so has not disputed this conclusion. I will grant in part and deny in part Design Basics' motion to voluntarily dismiss this case, which will be dismissed with prejudice. Thereafter, as *Riviera Distributors* suggests, Van Prooyen can file its motion for an award of attorney's fees. The parties are encouraged to make a good faith attempt to resolve the issues of fees and costs without the need for further briefing and a ruling by me.

**ACCORDINGLY:**

4

Plaintiffs' Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(2) [DE 163] is GRANTED IN PART and DENIED IN PART.

This action is DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 41(a)(2), the Court finding that only with prejudice is such a dismissal proper.

**SO ORDERED**.

ENTERED: July 9, 2021.     /s/ Philip P. Simon
                           UNITED STATES DISTRICT JUDGE